Parker C. .1.
delivered the opinion of the Court. The question in this case turns wholly upon the construction of a written contract, agreement or receipt, whichever it may be called, out of which the right of the plaintiff to recover is supposed to grow. The first part of this paper is plain and intelligible, and can mean nothing else than that the defendant should retain from the proceeds of the demands assigned to him by the order, enough to pay his specified demands and pay over the balance to the owner ; but the other part is apparently inconsistent with this, and is certainly liable to some doubt as to its true construction. Now the whole of this contract must be taken together in order to get at the true intention of the parties ; and if the latter part is irreconcilable with the former upon any reasonable construction, it ought to aid in the construction of the whole, though apparently inconsistent.
Taking the construction offered by the defendant, some extraordinary consequences will follow, which we cannot thins *432 the parties intended, and it would also be directly repugnant to one °f the express provisions in this very member of the contract. The construction suggested is, that if the sum collected should fall short of $ 1000, over the demands of Emerson, this excess should be divided between Emerson and Knower; but that the whole of the demands of Emerson should be paid. This we think is inadmissible, because the effect of it might be to put $ 500, wanting one cent, into the pocket of Emerson, 'without any consideration or apparent motive. It is suggested in support of this construction, that the object was to compensate Emerson for the possible expense and trouble of collecting the debts, but it cannot be imagined, when it was contemplated that sufficient would be collected to pay Emerson, that so improvident a bargain would have been made by Knower ; nor ought we to suppose that so extortionate a one would have been insisted on by Emerson. Besides, this would be in direct contradiction to the words of the contract, which are, that in the event contemplated there should be an equal division of the proceeds received from the merchants in New York, which can mean nothing else than the whole of the proceeds ; otherwise it would have been expressed, that the' excess only should be divided.
The construction proposed by the plaintiff is more conformable to the letter of the contract, and therefore more likely to be according to the intent of the parties, viz. that in case the funds received should fall short of the agreed sum, the whole funds should be equally divided. It is said however, that this; would be absurd, for Emerson, having Knower in some measure in his power, would not be likely to submit to such a disposition of the funds. But it should be recollected, that Emerson had no power over these funds except by the consent of Knower ; that it was a great object with him to obtain what he could get, and that but for this assignment from Knower, nothing could have been got by him. And then as to the motive on the part of Knower, if these funds should yield $ 1C0O after paying Emerson, he might have contemplated that with his other property afterwards assigned to Lemist, he might make a satisfactory arrangement with his other creditors, which he might be unable to do if he had nothing to transfer of his *433 funds in New York ; and that the creditors might be dissatisfied with him if he should have paid the whole of Emerson’s demands, when his assets might turn out to be small for the rest of his creditors. There is nothing unreasonable in this supposition, or in the arrangement with Emerson upon this construction of it. We are satisfied therefore, that although the phraseology of the contract is obscure, the true meaning of it is, that if the funds in New York should yield only so much as would amount to the demands of Emerson and a surplus short of $1000, the whole fund should be equally divided. And there is nothing in the subsequent assignment to Lemist, to which Emerson was also a party, which contradicts this supposition ; for the funds in New York were assigned, subject to the order in favor of Emerson, and this provision would be equally applicable to either supposition as to the character of this contract.
We think, therefore, the plaintiff is entitled to recover, for the use of the creditors to whom he made his general assignment after deducting the reasonable expenses of Emerson.

Defendant defaulted.